UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRIAN GARRETT LONG,

    Plaintiff,

v.   Case No. 3:23-cv-1208-MMH-LLL

LELAND DUDEK,
Acting Commissioner of the
Social Security Administration,[1]

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 19; Report) entered by the Honorable Laura Lothman Lambert, United States Magistrate Judge, on January 17, 2025. In the Report, Judge Lambert recommends that the Commissioner's decision be affirmed. See Report at 17. On January 31, 2024, Plaintiff Brian Garrett Long filed objections to the Report. See Objection to Report and Recommendation (Doc. 20; Objections). The Commissioner did not file a response to the Objections, and the time for doing so has passed. Thus, the matter is ripe for review.

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Thus, pursuant to Rule 25(d), Federal Rules of Civil Procedure (Rule(s)), Leland Dudek is substituted for Carolyn Colvin as the defendant in this action.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[2] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

In the Objections, Long challenges the Magistrate Judge's finding that the Administrative Law Judge (ALJ) properly evaluated the opinion of

---

[2] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1.

consultative psychologist Dr. Susan E. Davis.  See generally Objections.[3] Specifically, Long challenges the Magistrate Judge's finding that the ALJ appropriately considered both the supportability and consistency factors when evaluating the opinion.  See id. at 2.  Notably, the supportability factor speaks to the support a medical source provides to justify the opinions rendered.  See 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."); Cook v. Comm'r of Soc. Sec., 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), report and recommendation adopted by 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021) ("Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion[.]").[4]  Upon review of the record, the Court concludes that the

---

[3] The Court notes that Long states "[t]he Court should decline to adopt the Magistrate Judge's finding that the ALJ properly evaluated the opinion of Dr. Lambert-Dorne, and thus, properly found Plaintiff's mental impairments were nonsevere." See Objections at 1 (emphasis added).  However, in the Objections, Long challenges the evaluation of the opinion of Dr. Davis, not Dr. Lambert-Dorne.  See Objections at 2.  Indeed, the record does not contain any reference to Dr. Lambert-Dorne.  Accordingly, the Court assumes that Long inadvertently misstated the name of the doctor, and the Court will evaluate the ALJ's analysis of the opinion of Dr. Davis.

[4] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority.  See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

Magistrate Judge's finding that the ALJ properly considered the supportability factor in evaluating Dr. Davis's opinion is correct. See Report at 8-11. In her report, Dr. Davis provides little evaluative information yet assigns "mild" and "moderate" limitations to Long's work capacity. See Social Security Transcript of Administrative Proceedings (Doc. 8; Transcript) at 3004-10. The ALJ found that Dr. Davis's opinion was not persuasive "given the normal mental status findings in her own report." See Transcript at 24. By addressing the degree to which Dr. Davis's own report supported her opinion, the ALJ appropriately considered the supportability factor and concluded that the report did not support the limitations assigned by Dr. Davis.

Long also challenges the Magistrate Judge's acceptance of the ALJ's decision to discount the self-reported mental health symptoms included in Dr. Davis's report. See Objections at 2-3. In doing so, Long cites Brancazio v. Comm'r of Soc. Sec., No. 2:19-CV-694-FTM-MAP, 2020 WL 3888199 (M.D. Fla. July 10, 2020), and argues that given the subjective nature of Long's mental impairments, his subjective complaints should have been given greater weight. Long's reliance on Brancazio is misplaced because Long fails to recognize the significant factual difference between that case and his. While it is true that the plaintiff in Brancazio had similar mental health diagnoses, and arguably normal mental status examinations, her medical record contained ample evidence supporting her self-reported limitations. Id. at *3-5. And,

importantly, the Brancazio plaintiff's medical provider had treated her for at least sixteen months and prepared numerous reports detailing the plaintiff's symptomology and its impact on her ability to function. See id. at *5. In contrast, here, Dr. Davis saw Long only one time "in order to assist in a determination of eligibility for Social Security disability." See Transcript at 3004. And her report contained no information supporting her conclusions regarding his limitations. Id. at 3009-3010. Moreover, contrary to Long's contention that the Magistrate Judge simply rubber stamped the ALJ's opinion, the Magistrate Judge provided a thorough analysis of the relevant medical evidence in the record. See Report at 9-13. The Magistrate Judge detailed Dr. Davis's opinion regarding Long as well as the circumstances under which she formed the opinion (that she met him on one occasion, reviewed records, and completed a physical examination). See id. at 6-7. Noting that the ALJ found Dr. Davis's opinion regarding Long's limitations to be unpersuasive, the Magistrate Judge conducted an independent review of the medical record. Id. at 8. He observed the lack of information supporting her conclusions regarding Long's limitations and noted that much of the assessment of Long's appearance and functioning in the report was positive. Id. at 8-9. He also noted that in discounting Dr. Davis's opinion, the ALJ cited other medical records which contradicted Long's self-reported limitations, as well as records predating and post-dating Dr. Davis's exam which were in conflict with Dr. Davis's opinion.

Id. at 9-10. He concluded that "the other opinions relied upon by the ALJ provide a more fulsome picture of Long's abilities" and therefore conflict with Long's self-reports. Id. at 9. Having done so, the Magistrate Judge concluded that "[b]y referencing the record medical evidence, including Long's functional abilities and normal mental status findings, the ALJ properly considered" Dr. Davis's opinion. Id. at 10.

Responding to Long's challenge to the ALJ's failure to accept his subjective reports, the Magistrate Judge rejected Long's reliance on a case similar to Brancazio, Pierson v. Kijakazi, No. 8:20-cv-1600-SPF, 2022 WL 633379 (M.D. Fla. Mar. 4, 2022), because unlike Dr. Davis who performed a one time consultative examination, the Pierson doctor had a continued treating relationship with the patient. Report at 11. And he noted that the Pierson ALJ misstated the doctor's opinions and records whereas this ALJ accurately captured Dr. Davis's opinion. Id.

In assessing the relevant medical record, the Magistrate Judge found that substantial evidence supported the ALJ's evaluation of Dr. Davis's opinion, and that the record as a whole conflicted with Long's self-reported symptoms. Accordingly, the Court finds no error in the Magistrate Judge's conclusion regarding the ALJ's consideration of Long's self-reported symptoms.

Notably, the Eleventh Circuit has addressed the impact of a claimant's subjective testimony of his symptoms and stated:

> If a claimant provides subjective testimony on the severity of his symptoms, as [the claimant] did here, the ALJ "must articulate explicit and adequate reasons" for rejecting the complaints. <u>Foote v. Chater</u>, 67 F.3d 1553, 1561-62 (11th Cir. 1995). The ALJ's "credibility determination does not need to cite particular phrases or formulations[,] but it cannot merely be a broad rejection" that fails to consider a claimant's "medical condition as a whole." <u>Dyer</u>, 395 F.3d at 1210-11 (cleaned up). We will not disturb "[a] clearly articulated credibility finding with substantial supporting evidence in the record." <u>Foote</u>, 67 F.3d at 1562.

<u>Taylor v. Comm'r of Soc. Sec.</u>, No. 21-12804, 2022 WL 1634086, at *5-6 (11th Cir. May 24, 2022). Here, substantial evidence in the record supports the ALJ's finding that Long's self-reported symptoms are mild limitations, and the ALJ properly weighed the "normal mental status findings" in Dr. Davis's own report and found that even Dr. Davis's own record did not support a finding of moderate limitations that would have an impact on Long's functional capabilities in a work environment. Accordingly, Long's objection to the Magistrate Judge's determination that the ALJ properly considered the consistency factor in analyzing Dr. Davis's opinion, because he did not give sufficient weight to the self-reported limitations, is due to be overruled.

Long also argues that the Magistrate Judge wrongly concluded that his challenge to the ALJ's consistency analysis was a "call to reweigh the evidence." Objections at 4. But, the Magistrate Judge was correct in that characterization. For the reasons discussed above, the Magistrate Judge correctly found that the ALJ's discussion of the medical record, "including

Long's functional abilities and normal mental status findings" reflected that he properly considered both the supportability and consistency factors. Long's contention that the ALJ based his decision not to credit Dr. Davis's opinion only on a comparison of mental status examinations rather than the records as a whole is simply without merit.

Long also reiterates an argument made to the Magistrate Judge concerning the ALJ's finding that Long had no severe mental impairments. See Objections at 3-4; Plaintiff's Memorandum of Law (Doc. 14; Plaintiff's Brief) at 13-15. According to Long, the ALJ's alleged failure to properly evaluate Dr. Davis's opinion "led to the erroneous finding that [Long] had no severe mental impairments, which in turn went on to impact [the ALJ's] findings at Steps 3 and 5 of the decision." See Objections at 3. As the Magistrate Judge notes, Long's contention that his mental impairments should have been characterized as severe primarily rests upon his argument that Dr. Davis's opinion is persuasive—however, as the Magistrate Judge correctly concluded, the ALJ properly considered and discounted Dr. Davis's opinion. See Report at 16-17. The ALJ determined that Long's medically determinable impairments caused no more than a "mild" limitation and therefore found the mental impairments non-severe. See Transcript at 21. Long identifies no legal error in the Magistrate Judge's conclusion that the ALJ properly evaluated the evidence in

accordance with the applicable regulations. As such, the Court finds no error in the Magistrate Judge's finding.

In sum, having reviewed the Report, the Objections, and the relevant record, the Court finds the Magistrate Judge's determination to be fully supported by the record and the applicable authority.

Accordingly, it is

**ORDERED:**

1. The Objection to the Report and Recommendation (Doc. 20) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 19) is **ADOPTED** as the opinion of the Court.

3. The Commissioner's decision is **AFFIRMED**.

4. The Clerk of the Court is directed to enter judgment in favor of the Commissioner and against Brian Garrett Long and to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of March, 2025.

*[signature: Marcia Morales Howard]*

**MARCIA MORALES HOWARD**
United States District Judge

Lc34
Copies to:
Counsel of Record